UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,                )   | |
|                                                              )   | |
|            v.                                              )   | CR. NO. 06-336 -01 (RWR) |
|                                                              )   | |
| RODRIGUEZ SEEGERS, et al.          )   | |
|                                                              )   | |
|            Defendant.                                )   | |
| _____)   | |

**DEFENDANT RODRIGUEZ SEEGERS'S MOTION TO
SUPPRESS EVIDENCE SEIZED AND STATEMENTS
TAKEN  IN VIOLATION OF THE UNITED STATES
CONSTITUTION**

Defendant Rodriguez Seegers, through undersigned counsel, respectfully requests that this Court suppress all evidence seized and statements taken pursuant to the stop and subsequent search of Mr. Seegers and the automobile he was allegedly driving on November 22, 2006.  This motion is made pursuant to Fed. R. Crim. P. 12(b)(3) and is supported by the discussion below.  An evidentiary hearing on this motion is respectfully requested.[1]

**BACKGROUND**[2]

This case arises out of events allegedly occurring on November 22, 2006 at approximately

2:52 a.m., on Southern Avenue, NW.  On that day, Park Police Officers allegedly observed Mr.

---

[1] In the event counsel learns of new information supporting the need for further motions, counsel respectfully reserves Mr. Seegers's right to later supplement this motion and/or file additional motions which may be appropriate in his case.

[2] Mr. Seegers here relies only on the arrest report and preliminary hearing transcript as the basis for the facts contained in his motion.  That reliance and the summary resulting therefrom should not be construed in any manner as a concession by Mr. Seegers that the allegations contained in the police report and other discovery materials are correct.

Seegers driving his car without a seat belt on the Suitland Parkway at Branch Avenue, in Temple Hills, Prince Georges County, Maryland. Based on a lookout concerning shots fired at a nightclub in Maryland, an officer attempted to conduct a traffic stop, at which time Mr. Seegers allegedly accelerated the automobile and drive into Washington, D.C.. The automobile crashed into a telephone pole, at which time Mr. Seegers allegedly exited the car and proceeded on foot down Southern Avenue. The officer pursued on foot and arrested Mr. Seegers when he laid down in the road. As the officer was escorting Mr. Seegers back to the car, he questioned Mr. Seegers concerning the second individual who was in the car. Mr. Seegers allegedly told the officer that the other individual was a male.

Upon his return to the vehicle, the officer allegedly found a pistol (a Hi-Point .380) lying in front of the car. When the car was eventually towed, another pistol (a Ministorm 9mm) was allegedly found lying underneath the vehicle.

Upon return to the police station, at approximately 7:40 a.m., Mr. Seegers was interviewed by Detective K.G. Hansen. Mr. Seegers made a statement to the Detective Hansen concerning what had happened that night.

## ARGUMENT

**1.    All Evidence and Statements Must Be Suppressed Because The Stop of Mr. Seegers Was Objectively Unreasonable.**

In determining the reasonableness of a traffic stop, this Court must apply an objective standard. See United States v. Hill, 131 F.3d 1056 (D.C. Cir. 1997). The officer's stop of Mr. Seegers was objectively unreasonable, because a hearing on this matter will show they had no reason to believe that Mr. Seegers had committed a traffic offense or any other kind of offense. As a result, the fruits of that stop, including the pistol seized from the vicinity of Mr. Seegers's car, as well as any statements made by Mr. Seegers after the stop, must be suppressed.

**2.    All Alleged Statements Made by Mr. Seegers Must Be Suppressed Because They Were Made Involuntarily and Taken in Violation of Miranda.**

    **A.    Mr. Seegers's Statements Were Involuntary.**

The government has alleged that Mr. Seegers made a number of statements to police officers. Before introducing those statements at trial, either in its case-in-chief or as impeachment or rebuttal evidence, the government bears the burden of proving that the statements were voluntary. See Lego v. Twomey, 404 U.S. 477 (1972). The test for voluntariness is whether a statement is the "product of an essentially free and unconstrained choice by its maker." Culombe v. Connecticut, 367 U.S. 568, 602 (1961). The determination of whether a statement was made voluntarily "requires a careful evaluation of all the circumstances of the interrogation." Mincey v. Arizona, 437 U.S. 385, 402 (1978). The Court must consider the "totality of the circumstances" in deciding whether the defendant made his statement voluntarily. Fikes v. Alabama, 352 U.S. 191 (1957); see also Gallegos v. Colorado, 370 U.S. 49 (1962) (determination of whether an accused's statement was made involuntarily so as to render it inadmissible requires close scrutiny of the facts of each individual case).

Specifically, the Court must examine the efforts to overbear Mr. Seegers's free will in relation to his capacity to resist those efforts. Seegers v. North Carolina, 384 U.S. 737 (1966); Culombe, 367 U.S. at 607. The Court must examine Mr. Seegers's "background, experience, and conduct," North Carolina v. Butler, 441 U.S. 369, 375 (1979), to determine whether his statements were the product of a rational intellect and a free will. Blackburn v. Alabama, 361 U.S. 199, 208 (1980). Because the government will be unable to adduce sufficient evidence at a hearing to show that Mr. Seegers's statements were made voluntarily, they must be suppressed.[3]

---

[3] Among other things, the detective questioning Mr. Seegers stated "Would you tell Jesus that? Would you tell your mother that?" Furthermore, the detective repeatedly referred to Mr. Seegers' parole situation, informing him about "back-up time" and his precarious position having been arrested while on parole. As the Court will see, the interview was highly argumentative,

B. **Mr. Seegers's Pre-*Miranda* Statements were Made in Violation of *Miranda*.**

Even if the statements were made voluntarily, *Miranda* requires suppression of Mr. Seegers's statements during the government's case-in-chief because Mr. Seegers was not adequately apprised of his right against self-incrimination prior to undergoing custodial interrogation. *See, e.g., Pennsylvania v. Muniz*, 496 U.S. 582, 110 S. Ct. 2638, 2643-44 (1990). A person is in "custody" under *Miranda* when he "has been . . . deprived of his freedom of action in any significant way." *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). Whether a person is in custody depends upon "how a reasonable man in the suspect's position would have understood his situation." *Berkemer v. McCarty*, 468 U.S. 420, 442 (1984). "[T]he term 'interrogation' under *Miranda* refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Rhode Island v. Innis*, 446 U.S. 291, 301 (1980).

 In this case, certain of Mr. Seegers's statements were allegedly made prior to the administration of *Miranda* rights (e.g., the statements made to the arresting officer regarding the other person allegedly in the car). The government must therefore establish that those statements were not the product of custodial interrogation. Under the known facts and circumstances of this case, exactly the opposite appears to be the case. Accordingly, the statements must be suppressed.

---

with the officer shouting at Mr. Seegers for the majority of the interview. The detective also falsely informed Mr. Seegers about the state of the evidence against him, based upon the facts known to defense counsel. Mr. Seegers repeatedly told the officer he just wanted to go to sleep.

## CONCLUSION

For the foregoing reasons, Mr. Seegers respectfully requests this Court to suppress the evidence seized and statements made by Mr. Seegers subsequent to the stop.

        Respectfully submitted,

        A.J. Kramer
        Federal Public Defender


        "/s/"
        _____
        Jonathan S. Jeffress
        Assistant Federal Public Defender
        625 Indiana Ave., N.W., Suite 550
        Washington, D.C.  20004 (202) 208-7500

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| v. ) | **CR. NO. 06-336 -01 (RWR)** |
| ) | |
| **RODRIGUEZ SEEGERS, et al.** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**ORDER**

Upon consideration of defendant Rodriguez Seegers's Motion to Suppress Evidence Seized and Statements Taken in Violation of the U.S. Constitution, the Opposition thereto, and for good cause shown, it is hereby

**ORDERED** that Mr. Seegers's motion is **GRANTED**; and it is

**FURTHER ORDERED** that the evidence seized by officers on November 22, 2006, is **SUPPRESSED**; and it is

**FURTHER ORDERED** that all statements made by Mr. Seegers to officers subsequent the traffic stop are **SUPPRESSED**.

**SO ORDERED**.

_____
RICHARD W. ROBERTS
UNITED STATES DISTRICT JUDGE

_____
DATE