IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNTIED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | |
| REGINALD BIZELL, : | CRIMINAL NO. 06-366 (RWR) |
| RODRIQUEZ SEEGERS : | |
| : | |
| Defendants. : | |

**UNITED STATES' NOTICE OF INTENTION AND MOTION TO ADMIT
EVIDENCE OF DEFENDANTS' PRIOR CONVICTIONS PURSUANT
TO FEDERAL RULE OF EVIDENCE 609**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully notifies defendant and the Court of its intent to impeach defendants, should they choose to testify, with prior convictions pursuant to Fed. R. Evid. 609. In support of its Notice, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing regarding this Notice:

**Background**

1. On December 19, 2006, each defendant was indicted in different counts of the same indictment for Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18, United States Code, Section 922(g)(1) for an incident that occurred on November 22, 2006.

2. On November 5, 1998, defendant Bizzell was convicted of Conspiracy to Commit Robbery and Murder in the Second Degree (Murder II) in D.C. Superior Court case number F-5302-96. Defendant Bizzell was released from incarceration to five (5) years supervised probation on April 6, 2006. At the time of the instant offense, Bizzell was on supervised probation from this conviction. See attached copy of Judgment and Commitment/Probation

Order for Bizzell.

3. On January 7, 2003, defendant Seegers was convicted of Mayhem While Armed, Possession of Firearm During Crime of Violence, and Carrying A Pistol Without A License (CPWL) in D.C. Superior Court case number F-5027-93. At the time of the instant offense, Seegers was on supervised release/parole from his D.C. Superior Court conviction. See attached copy of Judgment and Commitment/Probation Order for Seegers.

4. Pursuant to Fed. R. Evid. 609(a)(1), the government seeks admission of the aforementioned conviction for impeachment purposes, should either defendant Bizzell or Seegers choose to testify.

**Fed. R. Evid. 609(a)(1) One Year Imprisonment Threshold Met**

5. "[E]vidence that an accused has been convicted" of a crime punishable by more than one year of imprisonment "shall be admitted if the court determines that the probative value outweighs the prejudicial effect to the accused." Fed. R. Evid. 609(a)(1).

6. On November 5, 1998, defendant Bizzell was convicted of Conspiracy to Commit Robbery and for Murder II. For this conviction, he received a consecutive sentence of not less than twenty months for the Conspiracy to Commit Robbery charge and six years of imprisonment followed by five years of supervised probation for the Murder II charge. The sentence for each charge exceeded one year imprisonment and meets the threshold of Fed. R. Evid. 609(a)(1).

7. On January 7, 1994, defendant Seegers was convicted of Mayhem While Armed, Possession of a Firearm During a Crime of Violence, and Carrying a Pistol Without a License. For his conviction, Seegers received a concurrent sentence of fifteen years of imprisonment and one year for the CPWL misdemeanor. The two felony convictions resulted in sentences exceeding the one year imprisonment threshold of Fed. R. Evid. 609(a)(1). Because the

convictions of both Bizzell and Seegers meet the threshold of Fed. R. 609, this Court should permit the use of these convictions to impeach the defendants, as long as their probative value outweighs any prejudicial effect (as explored below).

### Fed. R. Evid. 609(b) Temporal Restriction Requirement Met

8. Fed. R. Evid. 609(b) places a temporal restriction on the use of convictions for impeachment purposes: "Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date . . ." Here, both Bizzell and Seegers had not been released from supervision stemming from their convictions on the date of the instant offense, November 22, 2006. Therefore, the timing of the convictions fall withing the purview of Fed. R. Evid. 609(b).

### Prior Convictions are More Probative than Prejudicial

9. In evaluating whether the probative value of a conviction outweighs its prejudicial effect, the trial court should begin with the premise, articulated by the D.C. Circuit, sitting en banc, that all felony convictions which meet the ten-year time limit proscribed in Rule 609(b) are at least somewhat probative of the defendant's credibility. United States v. Lipscomb, 702 F.2d 1049, 1062 (D.C. Cir. 1983) (en banc). In performing Rule 609(a)(1)'s balancing test of probativeness versus prejudice, the Lipscomb court held that the trial court has discretion to decide how much background information about the conviction, if any, it needs in performing its analysis. Id. at 1051, 1073.

10. As noted by the Court of Appeals, "[c]ourts should be reluctant to exclude otherwise admissible evidence that would permit an accused to appear before a jury as a person whose character entitles him to complete credence when his criminal record stands as direct testimony

to the contrary." United States v. Lewis, 626 F.2d 940, 950 (D.C. Cir. 1980) (citation omitted). In Lewis, the defendant was charged, among other things, with distribution of phenmetrazine; after taking the stand, he was impeached with evidence that he had been convicted several years before for distributing drugs in violation of the Controlled Substances Act. Id. at 943, 947. The court held that there was no error in admitting evidence of the defendant's prior conviction (which involved the distribution of heroin, id. at 944), noting that "[t]he fact that the prior felony conviction was for a narcotics offense, and the defendant was again being tried for a similar offense, does not render the prior conviction inadmissible," and directing that in such circumstances a limiting instruction should be given to the jury. Id. at 950.[1]

      11.    Inasmuch as every impeachment by prior conviction involves some inherent prejudice to a defendant, that prejudice by itself should not be enough to preclude the government's impeachment of the defendants in this case. Cf. Lipscomb, 702 F.2d at 1062 ("[w]hen the defendant is impeached by a prior conviction, the question of prejudice . . . is not if, but how much") (emphasis in original). Should the defendants testify in this case, the issue of their credibility will be a central issue for the jury. The probative value of the conviction in assessing that credibility, involving as it does a serious and recent offense, clearly outweighs whatever prejudice there may be to the defendants -- particularly given the limiting instruction

---

[1] To be sure, the court in Lewis acknowledged that in a narcotics prosecution a prior narcotics conviction carries more prejudice, and it noted that in this case the evidence of the conviction carried more probative value where the defendant had testified that he was not knowledgeable about drug transactions. Id. at 951. Nonetheless, as the Court of Appeals noted en banc, this additional factor was not critical in determining that the probative value of the conviction outweighed its prejudice. While Lewis might at first be considered a "special" case because the prior conviction served not only to impeach credibility but also to rebut specific testimony, the Court in Lipscomb commented, "our analysis did not treat this [additional] reason as critical" in holding the conviction admissible under the balancing test. Lipscomb, 702 F.2d at 1058, n.35 (en banc).

that can be given to the jury in order to preclude its use of such evidence for an improper purpose.

### Prior Convictions are Admissible for Substantive Purposes as an Element of the Crime

12. In addition to impeachment, the Government intends to introduce evidence of the above listed offenses for substantive purposes because conviction of a prior felony is a required element to prove Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year. 18 U.S.C. § 922(g)(1), unless the defendants offers to stipulate to this fact.

WHEREFORE, the government respectfully notifies defendant and the Court of its intent to use defendant's prior conviction for impeachment purposes.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
D.C. Bar Number: 451058

By: _____
Angela Hart-Edwards
Assistant U.S. Attorney
PA Bar 61468
U.S. Attorney's Office
555 4th Street, N.W., Rm. 4241
Washington, D.C. 20530
(202) 307-0031

**Certificate of Service**

I hereby certify that a copy of the Government's Notice of Intention and Motion to Admit Evidence of Defendant's Prior Convictions Pursuant to Federal Rule of Evidence 609 was served by electronic filing on this 28th day of February, 2007.

_____
Angela Hart-Edwards
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL NO. 06-366 (RWR) |
| : | |
| REGINALD BIZZELL, : | |
| RODRIQUEZ SEEGERS, : | |
| Defendants. : | |
| : | |

ORDER

This matter comes before the Court on the Government's Notice of Intention and Motion to Admit Evidence of Defendants' Prior Convictions Pursuant to Federal Rule of Evidence 609.

It is hereby ORDERED, this _____ day of _____, 2007, that the Government's Motion is GRANTED;

It is further ORDERED that felony convictions, including the name of offenses charged and convicted, from D.C. Superior Court case numbers F-5302-96 and F-5027-93, respectively, are admitted solely for impeachment purposes in a trial of the defendants should they choose to testify.

_____
DISTRICT COURT JUDGE R.W. ROBERTS