UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Crim. No. 06-366-01 (RWR) |
| RODRIGUEZ SEEGERS, | ) ) ) | |
| Defendant. | ) ) | |

### DEFENDANT RODRIGUEZ SEEGERS'S MOTION TO EXCLUDE USE OF PRIOR CONVICTIONS PURSUANT TO FEDERAL RULE OF EVIDENCE 609

Mr. Rodriguez Seegers, the defendant, through undersigned counsel, respectfully moves this Honorable Court, pursuant to Federal Rule of Evidence 609, to exclude the use of prior convictions to impeach Mr. Seegers should he choose to testify at trial.

### DISCUSSION

**I.   MR. SEEGERS'S PRIOR CONVICTIONS SHOULD BE EXCLUDED BECAUSE THEIR PREJUDICIAL EFFECT OUTWEIGHS ANY PROBATIVE VALUE.**

Rule 609(a) states that a witness may be impeached through admission of a prior felony conviction less than ten years old "only if" (1) the previous crime was punishable by death or imprisonment of more than a year *and* "the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant," or (2) the previous crime involved dishonesty or a false statement.  Fed. R. Evid. 609.  In the case at bar, the government concedes that Mr. Seegers's 1994 convictions for Carrying a Pistol Without a License, Possession of Firearm During Crime of Violence, and Mayhem While Armed do not involve

dishonesty or a false statement.[1]  Thus, the only way Mr. Seegers's prior convictions could be admitted under Rule 609 is if their probative value outweighs their prejudicial effect.  *See United States v. Lipscomb*, 702 F.2d 1049, 1060 (D.C. Cir. 1983).  The prosecution has the burden of demonstrating that the probative value of a prior conviction outweighs its prejudice to the defendant.  *Id.* at 1054; *see also Weaver v. United States*, 408 F.2d 1269, 1273 (C.A.D.C. 1969).  If the government fails to carry this burden, the prior conviction must be excluded.  See *Lipscomb*, 702 F.2d at 1060.

The prejudicial effect of admitting Mr. Seegers's prior crimes far outweighs their probative value.  Violent crimes have little probative value for truthfulness, and thus generally should be excluded.  *See Jones v. United States*, 402 F.2d 639, 643 (C.A.D.C. 1968); *Gordon v. United States*, 383 F.2d 936, 940 (C.A.D.C. 1967).  In *Gass v. United States,* the court stated that probative value of admitting prior convictions exists "where the conviction directly relates to veracity."  416 F.2d 767, 774 (C.A.D.C. 1969); *see also Brown v. United States*, 613 F.3d 1045, 1052 (C.A.D.C. 1970).  Mr. Seegers's prior convictions do not involve a lack of veracity.  As the court explained in *Gordon*, "acts of violence...which may result from a short temper, a combative nature, extreme provocation, or other causes have little or no direct bearing on honestly and veracity.  A 'rule of thumb' thus should be that convictions which rest on dishonest conduct relate to credibility whereas those of violent or assaultive crimes generally do not...."  383 F.2d at 940; *Jones*, 402 F.2d at 643.

In *United States v. Jones*, the defendant was on trial for robbery.  The court held that the district court abused its discretion when it allowed the introduction of the defendant's previous

---

[1]  At one point in its Rule 609 notice, the government incorrectly describes Mr. Seegers's prior convictions as from January 7, 2003.  The convictions are from 1994.

assault conviction. *See* 402 F.2d at 643. The *Jones* court called this a "classic illustration of a case in which the prejudicial effect of impeachment far outweighs the probative relevance of the prior conviction...." Id.. Furthermore, the court reiterated the importance of having the jury hear the defendant's story. Id. at 643. In *United States v. Brown*, the court of appeals reversed the district court for admitting the defendant's prior assault convictions, as they were similar to the crime the defendant was being tried on. As the *Brown* court explained, "[w]hile one who has recently been convicted of perjury might well be suspected of lying again under oath, the fact that a defendant accused of assault has already been convicted of assault has no such bearing on credibility." 370 F.2d 242, 245 (C.A.D.C. 1966). Furthermore, "[p]rior assault establishes a history of violent behavior, but proof of prior violent behavior is inadmissable to prove assault. Evidence of the conviction...for a crime not involving dishonesty or false statement shall be inadmissible...." Id.

As in this case, both *Brown* and *Jones* involved prior convictions with an element of violence. While the probative value of the prior convictions in *Brown* was increased by the fact that they were from within a month of the allegations at issue at trial, Mr. Seegers's prior convictions are from twelve years ago and therefore have even less probative value than in *Brown*. Thus, following *Brown* and *Jones*, Mr. Seegers's previous convictions should be excluded.

II.     **MR. SEEGERS'S PRIOR CONVICTIONS SHOULD BE EXCLUDED BECAUSE THEY INVOLVE CONDUCT SIMILAR TO THE CRIME CHARGED IN THIS CASE AND ARE THEREFORE UNDULY PREJUDICIAL.**

Mr. Seegers's prior convictions should also be excluded because they involve similar conduct to the instant allegations, and thus are inherently prejudicial. "Where multiple convictions of various kinds can be shown, strong reasons arise for excluding those which are for

the same crime because of the inevitable pressure on lay jurors to believe that 'if he did it before he probably did so this time.' As a general guide, those convictions which are for the same crime should be admitted sparingly...." *Gordon v. United States*, 383 F.2d at 940; *see also Brown*, 370 F.2d at 243; *Pickney v. United States*, 363 F.2d 696 (C.A.D.C. 1966).

In *Brown*, the defendant did not testify after learning that his prior assault conviction would be admitted. *Brown*, 370 F.2d at 243. His prior conviction and pending trial were both for assault. *Id.* The court of appeals reversed the district court's decision admitting the defendant's prior conviction. *Id.* The court explained that admittance of this type of evidence is highly prejudicial and that the prior conviction should have been excluded. *Id.*

Similar to the defendant in *Brown*, both Mr. Seegers's prior convictions and the instant case involve the alleged possession of a firearm. Thus, following *Brown*, the Court should exclude Mr. Seegers's prior convictions.

### III.   THE CONVICTIONS SHOULD BE EXCLUDED AS THE JURY WILL ALREADY KNOW THAT MR. SEEGERS HAS A PRIOR CONVICTION.

Finally, the Court should consider that because Mr. Seegers is charged with possessing a firearm after being convicted of a crime punishable by more than a year of incarceration, the jury will already know that Mr. Seegers has a prior conviction. The jury may well already use this fact to assess Mr. Seegers's credibility. Disclosing the nature of one or more of Mr. Seegers's prior convictions will only further prejudice Mr. Seegers, without adding any probative value. As the Court is aware, it is common practice in this jurisdiction to stipulate to the existence of a prior conviction without informing the jury of the nature of the prior conviction. Informing the jury of the nature of Mr. Seegers's prior convictions would significantly prejudice Mr. Seegers because there is a significant risk that the jury may infer from Mr. Seegers's felony status that

Mr. Seegers possessed the firearm in this case. That prejudice outweighs any probative value that disclosing the nature of the convictions would provide.

## CONCLUSION

For the foregoing reasons, Mr. Seegers respectfully moves this Honorable Court to exclude the use of the prior convictions proffered by the government.

Respectfully submitted,

_____/s/_____
Jonathan S. Jeffress
Counsel for Rodriguez Seegers
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004
(202) 208-7500, ex. 134

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| v. ) | Crim. No. 06-366-01 (RBW) |
| ) | |
| **RODRIGUEZ SEEGERS,** ) | |
| ) | |
| **Defendant.** ) | |

### ORDER

Upon consideration of the government's Notice to Impeach Defendant With Prior Convictions, the defendant's Motion to Exclude the Convictions, and for good cause shown, it is hereby

**ORDERED** that defendant's Motion is **GRANTED;** and it is further

**ORDERED** that the prior convictions are **EXCLUDED.**

SO ORDERED.

_____
REGGIE B. WALTON
UNITED STATES DISTRICT JUDGE

DATE: