## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO.  06-366 (RWR)** |
| | : | |
| **REGINALD BIZZELL,** | : | |
| **RODRIQUEZ SEEGERS,** | : | |
| **Defendants.** | : | |
| _____ | : | |

### UNITED STATES' MOTION TO ADMIT OTHER CRIMES
### EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)

The United States, by and through its attorney, the United States Attorney for the District

of Columbia, respectfully moves this Court, pursuant to Federal Rule of Evidence 404(b) ("Rule

404(b)"), to permit the introduction of prior misconduct (prior unlawful possession of a firearm

for which he was convicted in Superior Court case F-5027-93, the same conviction that is the

subject of the government's 609 Motion in this case), which is relevant to prove defendant

Seeger's intent, knowledge, motive, plan, preparation, and absence of mistake in his possession

of the .38 semi automatic handgun that he dropped to the ground in the instant case.  In support

of its motion, the United States relies on the following points and authorities, and such other

points and authorities as may be cited at a hearing on this matter:

### Factual Summary

On December 19, 2006, both defendants each were indicted for Unlawful Possession of a

Firearm by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding

One Year, in violation of Title18, United States Code, Section 922(g)(1).  This motion relates

only to defendant Seegers.

At a hearing or trial in this matter, government counsel expects the evidence to demonstrate substantially the following facts:

On November 22, 2006 at about 2:50 a.m., United States Park Police (USPP) Officer Joseph Bellino monitored Prince Georges County channel 4 radio broadcasts where he heard a broadcast for "shots fired" at the Prince Georges County Tradewinds Night Club (Tradewinds). Having patrolled the traffic leaving Tradewinds on previous occasions, Officer Bellino knew that many patrons would leave Tradewinds by vehicle for the District of Columbia (the District) by way of Branch Avenue to the Suitland Parkway. In response to the dispatch for "shots fired," Officer Bellino decided to sit in his parked marked cruiser in a position which enabled him to monitor traffic coming into the District by way of Branch Avenue to the Suitland Parkway.

Within minutes after positioning himself so he could monitor traffic coming into the District by way of Branch Avenue near the Suitland Parkway entrance ramp, Officer Bellino observed a white Buick Regal traveling at a high rate of speed from the direction of the Tradewinds Night Club. The vehicle did not have its headlights on, passed another car, crossed the median driving into lanes for oncoming traffic, and then traveled onto the ramp for the Suitland Parkway. Believing that the occupants of this vehicle may have had something to do with the shooting, as well as having observed the numerous traffic violations, Officer Bellino traveled behind the vehicle with his overhead lights and siren activated. The Buick refused to stop and fled at a higher rate of speed until the driver lost control and crashed into a tree at the intersection of Southern Avenue and 6th Street, N.E..

Immediately after crashing, defendant Seegers bailed out of the driver's seat of the vehicle. The passenger remained in the vehicle. Seegers got out of the vehicle and ran onto the

sidewalk where he stopped briefly.  At the brief stop, he reached into the waist area of his clothing and retrieved an object and dropped it to the ground.  Officer Bellino had exited his cruiser and had begun to chase Seegers when he saw Seegers fumbling in his waist area and heard the object hit the ground.  Officer Bellino did not stop to see what the object was, but rather continued to chase Seegers on foot.  No one else was present in the area.  Officer Bellino's priority was to apprehend Seegers.  Officer Bellino apprehended Seegers about two blocks away from the crashed vehicle.

Officer Bellino placed handcuffs on Seegers and escorted him back to the police cruiser for transport to the police station.  The escort of Seegers back to the cruiser was a retrace of the path of the chase including the location where Officer Bellino heard metal hit the sidewalk.  The metal object turned out to be a .380 semi automatic handgun.

## **Argument**

The government seeks to introduce evidence of defendant's unlawful possession of a firearm during of a crime of violence and carrying a pistol without a licence for which he was convicted in Superior Case F 5027-93 arrest, pursuant to Rule 404(b).

Regarding the defendant's prior misconduct, the government intends to introduce evidence of the unlawful possession itself and not the facts and circumstances related to the incident.

Under Rule 404(b), the aforementioned firearm conviction provides proof in this case that defendant's possession of the .380 semi automatic handgun on November 22, 2006, was done knowingly and intentionally, and was not the result of inadvertence, mistake, or accident.[1]

Rule 404(b) provides that evidence of "other crimes, wrongs, or acts" is not admissible to prove a defendant's character, but is admissible for any non-propensity purpose, including motive, intent, plan, knowledge, and absence of mistake.  See United States v. Bowie, 232 F.3d 923, 926, 930 (D.C. Cir. 2000).  Importantly, this rule is one of "inclusion rather than exclusion." Id. at 929.   As the Court of Appeals has noted en banc, while the first sentence of the rule is framed restrictively, the rule is actually quite permissive, prohibiting the admission of other crimes evidence in but one circumstance – for the purpose of proving that a person's actions conformed to his character.  United States v. Crowder, 141 F.3d 1202, 1206 (D.C. Cir. 1998) (en banc) (Crowder II).  In short, Rule 404(b) bars "not evidence as such, but a theory of admissibility."  Id. at 1202.  As the Court stated in United States v. Cassell, 292 F.3d 788, 795 (D.C. Cir. 2002), "[t]rue, the evidence may tend to show that [defendant] is a person of bad character, but Rule 404(b) does not thereby render it inadmissible.  To reiterate what we have stated before . . . under Rule 404(b), 'any purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character.'"  (citing United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990)) (emphasis in original)

Such evidence is of course subject like all evidence to the strictures of Rule 403.  Thus, the admissibility of other crimes evidence rests on a two-step inquiry: 1) whether the other

---

[1] The Government has provided discovery to defense counsel regarding the aforementioned conviction.

crimes evidence is relevant to an issue other than the defendant's character or propensity, and if

so, 2) whether the evidence is admissible under Rule 403 because its probative value is not

substantially outweighed by the danger of unfair prejudice.  United States v. Moore, 732 F.2d

983, 987 (D.C. Cir. 1984).

As its language reflects, Rule 403 "tilts, as do the rules as a whole, toward the admission

of evidence in close cases" -- even when other crimes evidence is involved.  Moore, 732 F.2d at

989.  See Huddleston v. United States,  485 U.S. 681, 688-89 (1988) ("Congress was not nearly

so concerned with the potential prejudicial effect of Rule 404(b) evidence as it was with ensuring

that restrictions would not be placed on the admission of such evidence").[2]

In the instant case, the government must prove that the defendant knowingly and

intentionally possessed the a .380 semi automatic handgun that was recovered from the sidewalk

where he was seen and heard dropping an item.  This means consciously, voluntarily, and on

purpose, not mistakenly, accidentally, or inadvertently."  See Criminal Jury Instructions (the

"Red Book"), Instruction 4.28.  The jury will be instructed that "[m]ere presence near something

or mere knowledge of its location is not enough to show possession."  Red Book, Instruction

3.08.  The jury will further be instructed that the government must prove the defendant's specific

---

[2] As for the burden that must be met in presenting other crimes evidence, the Court is not required to make any sort of preliminary finding or to weigh the evidence as to the other crimes. Indeed, as the Supreme Court has emphasized, "[i]n determining whether the Government has introduced sufficient evidence to meet Rule 404(b), the trial court neither weighs credibility nor makes a finding that the Government has proved the conditional fact by a preponderance of the evidence." Huddleston, 485 U.S. 690 (emphasis added).  Instead, the trial court "simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact [other crimes evidence] . . . by a preponderance of the evidence."  Id. at 690. And in doing so, the trial court must consider all the pieces of evidence presented to the jury, both as to the other crimes evidence and the charged conduct.  Ibid.

state of mind with respect to these handgun, that is, that he intended to possess it.  Red Book,

Instruction 4.28.  Moreover, the jury will be instructed that the government must prove that when

the defendant possessed the handgun, he had the specific intent to possess it.  Red Book,

Instruction 4.29.  Therefore, the government's burden of proving intentional possession, and lack

of mistake or accident, is substantial.  Each of these elements is directly addressed by the

proffered evidence.

   "As the Supreme Court has noted, 404(b) evidence may be critical to the establishment of

the truth as to a disputed issue, especially when that issue involves the actor's state of mind and

the only means of ascertaining that mental state is by drawing inferences from conduct."  United

States v. Clarke, 24 F.3d 257, 265 (D.C. Cir. 1994) (citing Huddleston, 485 U.S. at 685)

(emphasis added in Clarke).  Indeed, the Rule 404(b) evidence the government seeks to admit at

trial, i.e., prior possession to prove knowledge, intent, and absence of mistake regarding current

possession, is precisely the same sort of other crimes evidence for which admission at trial has

been upheld in the past.  For example, in Crowder II, 141 F.3d at 1202, other crimes evidence

was admitted to show the defendant's knowledge, intent, and motive.  The Court in Crowder II

stated:

>     A defendant's hands-on experience in the drug trade cannot alone
>     prove that he possessed drugs on any given occasion.  But it can
>     show that he knew how to get drugs, what they looked like, where
>     to sell them and so forth.  Evidence of a defendant's experience in
>     dealing drugs -- evidence that is, of his "bad acts" -- thus may be a
>     "brick" in the "wall" of evidence needed to prove possession.  See
>     Fed.R.Evid. 401, advisory committee notes.

Id. at 1209 n. 5.  The government seeks to do nothing more in the instant case – i.e., to show the

defendant's intent, knowledge, motive, plan, opportunity and absence of mistake with respect to

gun he constructively possessed.  Id.

All of the "other crimes" evidence described above is highly probative of the defendant's

knowing and intentional possession of the gun in this case.  Moreover, this evidence is also

probative in showing that the defendant's possession of the gun was not the result of mistake or

accident.  The significant probative value of the evidence here is clearly not outweighed by the

danger of unfair prejudice in this case.  Whatever prejudice the defendant may perceive,

moreover, can adequately be addressed through the use of a limiting instruction to the jury.

Numerous cases in this Circuit demonstrate that evidence of a prior or subsequent

possession of drugs or firearms is admissible as 404(b) evidence.  See, Cassell, 292 F.3d at 793

("We have previously held that 'in cases where a defendant is charged with unlawful possession

of something, evidence that he possessed the same or similar things at other times is often quite

relevant to his knowledge and intent with regard to the crime charged'") (citation omitted).  In

United States v. Garner, 396 F.3d 438, 443 (D.C. Cir. 2005), the Court of Appeals reiterated that

the admission of Rule 404(b) evidence is appropriate where the charged offense is based on a

theory of constructive possession, particularly, as in this case, "where the contraband is

discovered in a place occupied by more than one person."  (citing United States v. Jenkins, 981

F.2d 1283 (D.C. Cir. 1991)).  The facts of Garner are worth some discussion.  There, like this

case, the officers stopped a vehicle occupied by two individuals.  The officers approached the car

and ordered its occupants to raise their hands.  The driver complied but Garner, the passenger,

did not; rather, he sat staring straight ahead and smoking a cigarette, while he kept his left hand

in his waistband.  Id. at 439.  At one point, Garner was observed by one officer removing a large handgun from his waistband and placing it under the passenger seat.  Both defendants were removed from the vehicle and the car was subsequently searched.  Underneath the front passenger seat police found a semi-automatic handgun.  Id.  On the gun were found three latent fingerprints, only one of which was useful, and it was matched to the driver's fingerprint.  Id. at 439-440.   Notwithstanding, Garner, among other charges, was charged as a felon-in-possession of a firearm.  Proceeding with the theory that a jury could have concluded that Garner constructively possessed the gun recovered under his seat, the government introduced evidence that Garner previously was found in the front passenger seat of a car with a handgun under his seat and a matching ammunition clip in his jacket.  Id. at 444.  In upholding the introduction of evidence concerning Garner's prior conviction for carrying a pistol without a license, the Court of Appeals reasoned that the testimony "made it more likely that Garner was in knowing possession of the loaded gun found beneath his seat[,] just as in Crowder II[,] evidence that the appellant had previously sold cocaine base made it more probable that he knowingly possessed and intended to distribute the cocaine base found in the brown paper bag he discarded while running from police officers."  Id., at 444 (citations omitted).  See also, Cassell, 292 F.3d at 796 (the fact that defendant previously possessed weapons "tends to make it less probable that the weapons recovered from his bedroom were there without his knowledge, without intent, or by accident or mistake") (citing United States v. Brown, 16 F.3d 423, 432 (D.C. Cir.)), cert. denied, 513 U.S. 900 (1994); Bowie, 232 F.3d at 930 (evidence that defendant "possessed and passed counterfeit notes on a prior occasion" relevant because "it decreased the likelihood that [he] accidentally or innocently possessed the counterfeit notes").  United States v. Toms, 136 F.3d

8

176, 183-84 & nn. 11-12 (D.C. Cir. 1998) (in constructive possession case, evidence of prior

drug activities and firearm possession was admissible to show intent, motive, knowledge, and/or

absence of mistake with respect to the instant firearm);  United States v. Latney, 108 F.3d 1446,

1448 (D.C. Cir.) (evidence of defendant's other possession of crack admissible in trial charging

aiding and abetting distribution of crack), cert. denied, 522 U.S. 940 (1997); Clarke, 24 F.3d at

264 (evidence of prior sales of cocaine by defendants admissible to establish intent regarding

their possession of large amounts of cocaine on dates charged in the indictment); United States v.

Washington, 969 F.2d 1073, 1080-81 (D.C. Cir. 1992) (when defendant charged with distribution

and possession with intent to distribute drugs, 404(b) evidence of his prior drug transactions was

admissible to demonstrate intent, knowledge, plan and absence of mistake), cert. denied, 507

U.S. 922 (1993); United States v. Harrison, 679 F.2d 942, 948 (D.C. Cir. 1982) (evidence of

defendant's prior drug trafficking admissible in trial of charges of possession with intent to

distribute drugs to show intent, preparation, plan and knowledge); and United States v. Johnson,

40 F.3d 436, 441 n.3 (D.C. Cir. 1994) (proper to admit evidence of a prior drug transaction as

bearing on intent to possess), cert. denied, 514 U.S. 1041 (1995).

Likewise, in the instant case, the gun was found where defendant was seen and heard

dropping an object while fleeing an officer.  Evidence of the defendant's prior unlawful

possession of a firearm for which he was convicted should be admitted, therefore, to prove that

the defendant's possession of the firearm in the instant case was knowing and intentional, and not

simply the product of any mistake or accident.  See Crowder II, 141 F.3d at 1209 (finding that it

was more probable with the evidence of defendant's subsequent arrest for distribution of crack

cocaine than without it that defendant intended to distribute the crack cocaine in the brown paper

9

bag that he discarded while running from the police; further, it was more probable with the evidence than without it that defendant knowingly possessed the crack cocaine recovered from the brown paper bag). Because the proffered evidence of a previous crime bears such a close relationship to the offenses charged here, its admission will clearly demonstrate, among other things, the defendant's specific motive, knowledge, and intent, and the absence of mistake or accident.

WHEREFORE, for the reasons stated above, the United States respectfully submits that the government's motion to admit other crimes evidence pursuant to Federal Rule of Evidence 404(b) should be granted.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
Bar No. 498610

By:  _____/s/_____
Angela Hart-Edwards
Assistant United States Attorney
Pa. Bar
U.S. Attorney's Office
555 4th Street, N.W., Rm. 4241
Washington, D.C. 20530
(202) 307-0031

## Certificate of Service

I hereby certify that a copy of the United States' Motion to Admit Other Crimes Evidence Pursuant to Federal Rule of Evidence 404(b), was served via electronically this 26th day of July, 2007.

_____/s/_____
Angela Hart-Edwards
Assistant United States Attorney

10

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO.  06-366 (RWR)** |
| | : | |
| **REGINALD BIZZELL,** | : | |
| **RODRIQUEZ SEEGERS,** | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

<u>**ORDER**</u>

Upon consideration of the United States' Motion to Admit Other Crimes Evidence

Pursuant to Federal Rule of Evidence 404(b) against Seegers, and any opposition thereto, it is

this

_____ day of _____, 2007, hereby

**ORDERED** that the United States' Motion to Admit Other Crimes Evidence Pursuant to

Federal Rule of Evidence 404(b) be and the same is **GRANTED.**

_____
Judge W.R. Walton
United States District Judge

Copies to counsel of record