IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL NO.  06-366 (RBW) |
| : | |
| RODRIGUEZ SEEGERS : | Next Date:     April 16, 2008 |
| : | |
| Defendant. : | |
| _____ : | |

### UNITED STATES' MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits its Memorandum in Aid of Sentencing, recommending that the defendant be sentenced, at the mid-point of the applicable Sentencing Guidelines range, to 33 months imprisonment in this case. In support thereof, the United States respectfully states the following:

### Background

1.   The defendant's conduct pertaining to this plea agreement are set forth in the proffer of evidence signed and accepted by the defendant on January 7, 2008.

2.   On January 7, 1994, defendant Seegers was convicted of Mayhem While Armed, Possession of a Firearm During a Crime of Violence, and Carrying a Pistol Without a License in the District of Columbia Superior Court Case Number F-5027-93.

In summary, in or about November 22, 2006, at about 2:50 a.m., United States Park Police (USPP) Officer Joseph Bellino pursued a vehicle driven by defendant Seegers. At some point during the pursuit, defendant Seeger's vehicle lost control and crashed into a tree at the intersection

of Southern Avenue and 6th Street, S.E., in the District of Columbia. At that time, defendant Seegers exited the vehicle and fled on foot. During the police pursuit of defendant Seegers, he briefly stopped, reached into the waistband of his clothing, pulled out an unloaded Hi-Point .380 caliber semi-automatic pistol, dropped it to the ground, and continued to flee from police. Defendant Seegers was eventually apprehended and placed under arrest. Defendant Seegers was subsequently charged with Unlawful Possession of a Firearm by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18, U.S.C. § 922 (g)(1).

## Statutory Penalties

3. Pursuant to Title 18, United States Code, § 922 (g)(1), the defendant faces a maximum sentence of 10 years of imprisonment, a term of supervised release of not more than 3 years, a fine of not more than $250,000, and a special assessment of $100. See PSR ¶ 3.

## Sentencing Guidelines

4. The Federal Sentencing Guidelines calculation embodied in the Presentence Report places the defendant's base offense level at 20. See PSR ¶ 14. The PSR also correctly affords the defendant a three-point reduction in his guidelines calculation for acceptance of responsibility, which diminishes his total offense level to 17. See PSR ¶ 21. The PSR calculates the defendant's criminal history score as 5, and the criminal history category as III. See PSR ¶ 54. The total offense level therefore is 17, and the Guidelines range for the defendant is 30 to 37 months of imprisonment. See PSR ¶ 54.

## Sentencing Recommendation

5. The government recommends that the Court sentence defendant at the mid-point of the Guidelines range to 33 months of incarceration, in this case. The government also recommends

$4,130.56 fine, and a special assessment of $100.

6. When determining the appropriate sentence, the district court should consider all of the applicable factors set forth in Title 18 United States Code, Section 3553(a). See United States v. Gall, 446 F.3d 884, 889 (8th Cir. 2006). These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant" (18 U.S.C. §3553(a)(1)); the need for the sentence imposed to reflect the seriousness of the offense, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed correctional treatment (18 U.S.C. § 3553(a)(2)); the Sentencing Guidelines and related Sentencing Commission policy statements (18 U.S.C. § 3553(a)(4) and (a)(5)); and the need to avoid unwarranted sentence disparities (18 U.S.C. § 3553(a)(6)).

7. This sentence recommendation is 30-37 months of the Guidelines range. In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that the mandatory application of the United States Sentencing Guidelines violates the Sixth Amendment principles articulated in Blakely v. Washington, 124 S. Ct. 2531 (2004). As a consequence, the Court invalidated the statutory provision that made the Guidelines mandatory, Title 18, United States Code, Section 3553(b)(1). Booker, 125 S. Ct. at 756. Nonetheless, a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. See Gall, at 889 ("As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark"). The Guidelines are the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions. See Rita v. United States, 127 S. Ct.2456 (2007); See also United States Sentencing Comm'n,

<u>Supplementary Report on the Initial Guidelines and Policy Statements</u> 16-17 (1987); see also 28 U.S.C. § 994(m) (requiring Commission to "ascertain the average sentences imposed . . . prior to the creation of the Commission"); Comprehensive Crime Control Act of 1984, S. Rep. No. 98-225, at 168 (Commission should produce a "complete set of guidelines that covers in one manner or another all important variations that commonly may be expected in criminal cases"). In addition, the Sentencing Commission has continued to study district court and appellate sentencing decisions and to "modify its Guidelines in light of what it learns." <u>Booker</u>, 125 S. Ct. at 766-67 (the Sentencing Commission will continue "collecting information about actual district court sentencing decisions . . . and revising the Guidelines accordingly").

8. The Guidelines themselves are designed to calculate sentences in a way that implements the considerations relevant to sentencing as articulated in Section 3553(a). Any Guidelines calculation is based on the individual characteristics of the offense and the offender, as required by Section 3553(a)(1). The Guidelines themselves thus seek to implement – in a fair and uniform way – the offense specific characteristics that, themselves, comprise the "individualized assessment" the Supreme Court commends in <u>Gall</u>. See <u>Gall</u>, at 889.

9. A sentence of 33 months of incarceration is reasonable, considering, among other things, defendant Seegers' illegal conduct represents a real and present danger to the community. In this case, defendant Seegers possessed a Hi-Point .380 caliber semi-automatic pistol. Considering gun violence is the source of a large amount of crime in this City, and of violence against its citizens, and the fact that he knew he was not legally entitled to have a gun, the defendant's conduct here is reprehensible. It is vital that the Court send a message to both the defendant and the community that the possession of illegal guns will not be tolerated.

It should also be noted that defendant Seegers has already received a substantial benefit for his early acceptance of responsibility. Specifically, defendant Seegers received a three-point decrease in his offense level under the Guidelines. Had defendant Seegers not received this benefit, his Guidelines range would have been 41-51 months rather than 30-37 months. Accordingly, defendant Seegers has already received all the leniency he should under the plea agreement. Sentencing defendant Seegers at the mid-point of the Guidelines range would serve the interests of the community and give both the government and the defendant the benefit of the bargain negotiated.

## CONCLUSION

WHEREFORE, based upon the above, and the information reflected in the Presentence Report, the United States respectfully recommends a sentence, at the mid-point of the Guidelines range, of 33 months of incarceration in this case.

Respectfully,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY


By:  /s/
RHONDA L. CAMPBELL
ASSISTANT UNITED STATES ATTORNEY
D.C. Bar Number 462402
United States Attorney's Office
555 Fourth Street, N.W., Room 4239
Washington, D.C. 20530
Phone: (202) 514-9519
rhonda.campbell@usdoj.gov